**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO MANUEL LAMADRID-CASTILLO,<br><br>           Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>           Respondent. | No. 13-71821<br><br>Agency No. A201-174-611<br><br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Pedro Manuel Lamadrid-Castillo, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Mohammed v.*

---

       \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Lamadrid-Castillo's motion to reopen as untimely, where he filed the motion more than 11 months after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of a final order of removal), and failed to establish materially changed country conditions to qualify for the regulatory exception to the filing deadline, *see id.* § 1003.2(c)(3)(ii), or ineffective assistance of counsel warranting equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the alien exercises due diligence in discovering such circumstances).

To the extent Lamadrid-Castillo contends the BIA erred in declining to invoke its sua sponte authority to reopen proceedings, we lack jurisdiction to consider that claim. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (this court lacks jurisdiction to review the agency's sua sponte determinations).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-71821